BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

FILED

NOV 27 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

APPROXIMATELY $18,968.62 IN U.S. CURRENCY, and

WHITE METAL RING WITH CLEAR STONES,

  Defendants.

2:13-MC-00091-WBS-CKD

CONSENT JUDGMENT OF FORFEITURE

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 21, 2013, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $18,968.62 in U.S. Currency and a White Metal Ring with Clear Stones (the "defendant assets").

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about May 30, 2013, the DEA received a claim from Michael Kane asserting an ownership interest in the defendant assets.

3. The United States represents that it could show at a forfeiture trial that on February 21, 2013, a state search warrant was executed at the residence of Michael

Kane. Officers with the El Dorado Narcotics Enforcement Team found approximately $18,968.62 in cash, a White Metal Ring with Clear Stones, 757 grams of marijuana bud, several packages of marijuana seeds, numerous firearms, a receipt showing an appraisal for the ring, and evidence of marijuana sales, including a digital scale, packaging, sales receipts, and two back packs each containing marijuana samples. Kane admitted to cultivating marijuana at another location and selling marijuana to dispensaries in the bay area.

4. The United States could further show at a forfeiture trial that the defendant assets are forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Michael Kane specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Michael Kane agrees that an adequate factual basis exists to support forfeiture of the defendant assets. Michael Kane acknowledged that he is the sole owner of the defendant assets, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant asset, Michael Kane shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant assets were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered

1  into by and between the parties.

2      10.   Upon entry of this Consent Judgment of Forfeiture, $12,652.00 of the $18,968.62 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

    11.   Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $6,316.62 of the $18,968.62 in U.S. Currency, together with any interest that has accrued on that amount, and the White Metal Ring with Clear Stones shall be returned to potential claimant Michael Kane through his attorney William J. Portanova.

    12.   The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Michael Kane waived the provisions of California Civil Code § 1542.

    13.   Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant assets and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

    14.   No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

    15.   All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: 11/27/2013

                                          WILLIAM B SHUBB
                                          United States District Judge

///

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant assets.

DATED: 11/27/2013

WILLIAM B SHUBB
United States District Judge

4

Consent Judgment of Forfeiture